FILED

December 1 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0410

DA 13-0410

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 333N

STATE OF MONTANA,

   Plaintiff and Appellee,

 v.

JASON CHRIST,

   Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
       In and For the County of Missoula, Cause No. DC-11-10
       Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Koan Mercer, Assistant Appellate Defender, Helena, Montana

   For Appellee:

     Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
     Assistant Attorney General, Helena, Montana

     Kirsten H. Pabst, Missoula County Attorney, Jennifer Clark, Andrew S.
     Paul, Deputy County Attorneys, Missoula, Montana

          Submitted on Briefs: November 4, 2015
               Decided: December 1, 2015

Filed:

                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jason Christ appeals from his April 18, 2013 conviction by a jury of the offense of intimidation pursuant to § 45-5-203(2), MCA. We affirm.

¶3 In 2010 Christ became dissatisfied with the service he received from Verizon Wireless, and he initiated several intense phone confrontations with Verizon employees. Christ threatened to "do something" to the store manager; he threatened to "kick the shit out of your staff members"; he called one employee a "snide little piece of shit"; threatened to wreck the inside of the store; and repeatedly yelled profanity. On August 18, 2010, Christ called a Verizon store in Missoula demanding to talk to someone who could get something done, or he would "come down and *bomb the fucking store*." When asked by the Verizon employee, Christ said he was not "serious." The employees did not know where Christ was located when he made the bomb threat, but other statements he made indicated that he may have been watching the store. The Verizon employees feared for their safety and called 911 multiple times requesting an officer at the store. They also informed the Verizon home office in Salt Lake City that someone had threatened to harm the store.

¶4 In later calls that same day Christ continued to threaten a Verizon employee that he would "come after" her and that she would "pay for it." A Missoula police officer went to the Verizon store and found the female employee upset, shaking, nervous and angry. The officer assisted the employees in examining the office for anything suspicious and then called the bomb squad, but they found no bomb. Verizon provided a security guard for the store.

¶5 Christ called a Missoula Police detective to give a statement and denied that he had delivered a bomb threat. He claimed that one of his many enemies must have impersonated him and made the calls to get him into trouble. Subsequent testimony showed that Christ played a recording of the bomb threat to his employees and coached them on testimony to give in court.

¶6 The jury convicted Christ of a violation of § 45-5-203(2), MCA, which makes it unlawful to knowingly communicate a threat of a pending explosion that would endanger life or property. Christ first argues that the statute is facially overbroad and that the District Court gave improper instruction to the jury. Christ did not raise these issues below and we have consistently held that we will not consider issues raised for the first time on appeal. *State v. Taylor*, 2010 MT 94, ¶ 12, 356 Mont. 167, 231 P.3d 79.

¶7 Christ asks this Court to exercise plain error review over the issues that were not raised before the District Court. We decline. We are not convinced that failure to review the claimed errors would result in a manifest miscarriage of justice, leave unsettled the fundamental fairness of the proceeding, or compromise the integrity of the judicial

process. *Taylor*, ¶¶ 12-13, 17; *State v. Finley*, 276 Mont. 126, 134-35, 915 P.2d 208, 214, 216 (1996).

¶8     Christ argues that there was insufficient evidence to convict him of the offense, based upon his parsing of the words "threat" and "pending" as used in the statute. Any reasonable person would understand the explicit threat in Christ's statement that unless he got someone to talk to he could come down and bomb the Verizon store. He cannot avoid this obvious conclusion with his subsequent disclaimer that he was not serious any more than a person who yells "fire" in a crowded theater can escape the consequences by adding "just kidding." Threatening words have consequences, especially when considered in the context of the several other threats that Christ made against Verizon employees before and after the bomb threat. *State v. McCarthy*, 2004 MT 312, ¶ 47, 324 Mont. 1, 101 P.3d 288. The State has a fundamental interest in prohibiting terroristic threats, and there is no First Amendment right to threaten to bomb someone. *State v. Lance*, 222 Mont. 92, 101-02, 721 P.2d 1258, 1264-65 (1986). The prosecution presented sufficient evidence to sustain a conviction under the statute for knowingly communicating a threat to bomb the Verizon store. *State v. Ross*, 269 Mont. 347, 358-59, 889 P.2d 161, 168 (1995).

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court this case presents questions controlled by settled law or by the clear application of applicable standards of review.

¶10    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT